IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RYAN, LLC**,<br><br>　　　　*Plaintiff*,<br><br>v.<br><br>**INTERNAL REVENUE SERVICE; the Hon. MICHAEL FAULKENDER, Acting Commissioner of the Internal Revenue Service, in his official capacity,**<br><br>　　　　*Defendants*. | Civil Action No. 3:25-cv-00078-B |

**DECLARATION OF KENNETH KOTCH IN SUPPORT OF
RYAN LLC's RESPONSE TO MOTION TO DISMISS**

I, Kenneth Kotch, declare based on personal knowledge as follows:

　　1.　　I am an equity principal at Ryan, LLC. I have worked for Ryan, LLC as a principal since 2009. In my capacity as the national practice leader responsible for Ryan LLC's captive insurance program, I am familiar with Ryan, LLC's consulting practice relating to the formation and maintenance of captive insurance companies on behalf of clients. My business address is 13155 Noel Road, Suite 100, Dallas, Texas 75240.

　　2.　　I am over the age of 18 years old. This declaration is based upon my personal knowledge and belief and/or upon my review of Ryan LLC business records.

　　3.　　I have reviewed *Micro-Captive Listed Transactions and Micro-Captive Transactions of Interest*, 90 Fed. Reg. 3,534 (Jan. 14, 2025) (the "Final Rule"), which Plaintiff Ryan, LLC has challenged in this lawsuit.

　　4.　　I am providing this declaration in support of Plaintiff Ryan, LLC's response to the Defendants' motion to dismiss.

## THE FINAL RULE'S DISCLOSURE REQUIREMENTS

5. The Final Rule defines certain transactions involving captive insurance companies formed under 26 U.S.C. § 831(b) as "listed transactions" and "transactions of interest." 90 Fed. Reg. at 3,534.

6. Because those transactions are now "listed transactions" or "transactions of interest," taxpayers that engaged in those transactions and material advisors that assisted those taxpayers must collect and submit extensive disclosures to the IRS. *See* 26 C.F.R. § 1.6011–10(g) (describing the disclosure requirements).

7. To comply with IRS regulations, the taxpayers and material advisors must *each* submit a form that "describe[s] the expected tax treatment and all potential tax benefits expected to result from the transaction, describe[s] any tax result protection . . . with respect to the transaction, and identif[ies] and describe[s] the transaction in sufficient detail for the IRS to be able to understand the tax structure of the reportable transaction and the identity of all parties involved in the transaction." 26 C.F.R. § 1.6011–4(d); 26 C.F.R. § 301.6111–3(d)(1).

8. Taxpayers that have filed a tax return "reflecting their participation in transactions described" in the Final Rule "must disclose the transactions" if they occurred within the last three years. 26 C.F.R. §§ 1.6011-10(h)(2); 1.6011-11(h)(2).

9. Material advisors must disclose transactions if they relate to any "tax statement with respect to a transaction described" in the Final Rule submitted to the IRS within the last six years, counting from January 14, 2025. 26 C.F.R. §§ 1.6011-10(h)(3); 1.6011-11(h)(3).

10. Taxpayers and material advisors must submit these disclosures by July 31, 2025. *See* IRS Notice 2025-24 (April 11, 2025).

## RYAN, LLC HAS DISCLOSURE OBLIGATIONS UNDER THE FINAL RULE

11. The Final Rule directly regulates Ryan, LLC.

12.     Ryan, LLC is a material advisor as defined by IRS regulations. *See* 26 C.F.R. § 301.6111–3(b) (defining "material advisor" as any person that "provides any material aid, assistance, or advice with respect to organizing, managing, promoting, selling, implementing, insuring, or carrying out any reportable transaction" and receives income in return).

13.     Ryan, LLC has provided "material aid, assistance, or advice" in "organizing, managing, . . . or carrying out" micro-captive transactions that the Final Rule defines as reportable transactions and received income in return. *Id.* § 301.6111–3(b).

14.     Ryan, LLC provides federal, state, local, and international tax-consulting services on a multi-jurisdictional basis. One of Ryan, LLC's services is assisting clients with the establishment and management of captive insurance companies for select clients.

15.     Ryan, LLC must therefore disclose certain micro-captive transactions that it assisted clients with over the past six years. *See* 26 U.S.C. § 6111, and 26 C.F.R. §§ 301.6111-3, 1.6011-10(h)(3) and 1.6011-11(h)(3).

16.     If Ryan, LLC does not submit these disclosures required under 26 U.S.C. § 6111, it will be subject to civil penalties—$50,000 for each non-listed reportable transaction not disclosed, and a penalty based on the greater of $200,000 or 50% of the gross income related to listed transactions. *See* 26 U.S.C. § 6707.

17.     If Ryan, LLC does not submit a list identifying each person for whom Ryan, LLC acted as a material advisor within 20 business days of a request as prescribed by statute and regulation, Ryan, LLC is subject to a penalty of $10,000 per day for such non-compliance. *See* 26 U.S.C. § 6112, 26 C.F.R. §§ 301.6112-1, and 26 U.S.C. § 6708.

18.     A "willful" failure to comply with these disclosure requirements is a crime punishable by further fines and up to a year in prison. 26 U.S.C. § 7203.

19. Ryan, LLC has already begun preparing to submit those disclosures on July 31, 2025.

20. The process of preparing the Material Advisor Disclosure Statement, IRS Form 8918, to comply with IRC § 6111 disclosure obligations for the (a) Listed Transactions and (b) Transactions of Interest will take substantial time and effort to complete, review, and provide to the IRS as this process will require a review of both financial and operating information for a significant number of captive insurance companies. Ryan, LLC will also incur time and expense associated with informing clients of these discussions and a potential loss of goodwill from clients.

21. Ryan, LLC will also incur additional time and expenses which are necessary to comply with the IRC § 6112 advisee list obligations for "prior periods" (the six year "retroactive" obligations of material advisors with respect to prior periods) included in these regulations. Ryan, LLC will have to establish that list and then manage that obligation, prospectively, for compliance with federal and state tax agency requests, for seven years. *See* 26 C.F.R. §§ 301.6112-1(d).

22. Ryan, LLC will also have to disclose transactions to the IRS going forward in the event it assists a client with a micro-captive transaction that qualifies as reportable under the Final Rule. That ongoing process of complying with the Final Rule will further harm Ryan, LLC by requiring employees to spend time preparing and submitting these disclosures and incurring the costs previously described.

23. The new IRS disclosure requirements will also mean additional scrutiny from and disclosures to *state* regulators. In general, disclosure of reportable transaction information (including disclosure of a micro-captive listed transaction and/or a transaction of interest) to the IRS, triggers automatic reporting requirements in various U.S. state tax agencies, including California, Illinois, New York, and various other jurisdictions. *See* Cal. Rev. & Tax. Code § § 18628 and

18648, 35 Ill. Comp. Stat. §§ 5/1405.5 and 35 Ill. Comp. Stat. § 5/1405.6, and N.Y. Tax Law § 25, respectively.

24. Ryan, LLC could incur further costs related to reviewing, copying, and producing additional documents and materials that the IRS or state taxation authorities may ask for because of the disclosures described in the foregoing paragraphs.

25. This is not speculative. Ryan, LLC experienced these same harms in 2016, when the IRS issued Notice 2016-66. That notice also required many legitimate transactions which reflected the ordinary and good faith operation of captive insurance companies to be reported as reportable transactions.

26. To summarize, the Final Rule harms Ryan, LLC by imposing new disclosure requirements—which bring with them additional scrutiny from the IRS, state regulators, and clients—that will require time and resources to satisfy.

### THE FINAL RULE WILL HARM THE CAPTIVE INSURANCE INDUSTRY

27. The Final Rule will also harm Ryan, LLC by discouraging current and potential clients from establishing and maintaining captive insurance companies.

28. In the Final Rule, the IRS has declared that many normal and legitimate microcaptive transactions have the potential for tax avoidance.

29. The inaccurate characterization will discourage companies from forming captive insurance companies and may lead some existing captive insurance companies to cease operations.

30. Companies do not want to be labeled tax cheats. Even the appearance of impropriety can harm a business's reputation and goodwill.

31. Nor do companies want to risk drawing the IRS's ire—audits are expensive and time-consuming even when the company has complied with the law. The Final Rule represents a

more than implicit threat that companies that form small captive insurance companies face a heightened threat of audit and prosecution.

32.     And, if nothing else, the Final Rule imposes new, onerous disclosure requirements on captive insurance companies. Those requirements will greatly increase the time and expense associated with preparing tax returns and otherwise complying with IRS regulations when operating a captive insurance company.

33.     The Final Rule will therefore chill companies from forming small captive insurance companies. This is simple economics. If the costs and risks associated with operating a captive insurance company increase, fewer companies will form them.

34.     That contraction in the market for captive insurance companies will harm Ryan, LLC, which will have fewer clients that hire it to assist with forming and managing captive insurance companies. Ryan, LLC will therefore lose revenue, profits, and goodwill.

35.     Again, nothing about this is speculative.  Based on discussions with past and potential clients, I believe that clients are hesitant to proceed with the formation or utilization of captive insurance companies given the IRS's aggressive enforcement posture toward captive insurance companies which, among other actions, is evidenced by publishing the Final Rule.  As another example, when the IRS issued Notice 2016-66, Ryan saw a significant decrease in the number of clients interested in either maintaining or forming a captive insurance company and experienced a decrease in revenue as a result.

*    *    *

36.     If Ryan, LLC obtains a final judgment setting aside the Final Rule, Ryan, LLC will not suffer these ongoing injuries.

37. I, Kenneth Kotch, declare under penalty of perjury under the laws of the United States that the foregoing is true and correct to the best of my knowledge.

Executed on May 19, 2025 in Dallas, Texas.

_____
Kenneth Kotch