IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| RYAN, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNAL REVENUE SERVICE, )<br>DEPARTMENT OF THE TREASURY, )<br>DANIEL WERFEL, )<br>Commissioner of Internal Revenue Service, )<br>in his official capacity )<br>)<br>Defendant. )<br>_____) | Case No. 3:25-cv-00078-b |

## THE UNITED STATES' REPLY IN SUPPORT OF ITS MOTION TO DISMISS

The Court should grant the United States' Motion to Dismiss, ECF #18 ( U.S. brief in support, ECF #19). Plaintiff Ryan LLC's ('Ryan") response, ECF #21, to it, offers no reason to allow this case to proceed beyond the pleading stage. The declaration submitted to establish standing does not cure the absence of allegations in the Amended Complaint to demonstrate any concrete injury to Ryan that this Court can redress. Even if it did, Ryan's request for a declaration that the Final Rule exceeds the IRS's statutory authority, is arbitrary and capricious, and contrary to law runs afoul of the Declaration Judgment Act's prohibition on declaratory judgments "with respect to Federal taxes." 28 U.S.C § 2201 ("DJA"). Ryan's Response fails to cite controlling authority to the contrary or distinguish the recent Fifth Circuit holding that dictates that conclusion. Ryan's attempt to seek refuge in the Administrative Procedures Act similarly fails.

At its core, this suit is one for a declaratory judgment declaring as invalid, a Treasury Regulation (the "Final Rule") promulgated after significant notice and comment that requires taxpayers and those who act as their material advisors to report their participation in certain micro-

1

captive insurance arrangements. Ryan asks the Court to "[d]eclare that the Rule is unlawful in violation of the APA" and "[e]njoin Defendants from enforcing the Rule." ECF #5 at 14-15. A declaration of that sort that bars the imposition of penalties for failing to comply with the Final Rule is – by implication – one "with respect to federal taxes" that is barred by the plain language of the DJA. To be sure, the Supreme Court held that a similar challenge fell within the Anti-Injunction Act, 26 U.S.C. § 7421(a) ("AIA"). *See CIC Services, LLC v. IRS*, 593 U.S. 209 (2021). But the DJA may bar a suit even when the action might not run afoul of the AIA. *Rivero v. Fidelity. Investments, Inc.,* 1 F.4th 340, 345-346 (5th Cir. 2021), *cert. denied*, 142 S. Ct. 1670 (Mem) (2022). And unlike its failure to allege facts showing standing, Ryan cannot fix its DJA problem by amending its complaint again.[1]

1. **Ryan cannot cure the complaint's lack of standing with a declaration.**

    As a threshold matter, the United States' motion to dismiss constitutes a "facial" attack on the Amended Complaint because its allegations fail to establish that the Final Rule caused Ryan to suffer an injury-in-fact. The Amended Complaint contains no general factual allegations of injury showing that Ryan establishes and manages the kind of captive insurance companies that fit within the scope of the Final Rule or acts as a material advisor who must report its participation in transactions to which the rule applies. *See* Am. Compl ¶ 9.

    Ryan nonetheless contends it has standing because, even if Ryan is not directly regulated by the Final Rule, it has alleged that the Final Rule will discourage its clients from establishing

---

[1] In response to the Motion's argument that the Amended Complaint failed to state a claim upon which relief could be granted, Ryan contends, among other things, that the Court must consider the complete administrative record. The United States disagrees and rests upon its argument that the Amended Complaint fails to state a plausible claim under the APA on its face.

captive insurance companies, thereby causing downstream financial harm to Ryan's consulting business. But Ryan's Amended Complaint never alleges, as Ryan suggests it must, that the Final Rule "targets the goods or service that" it presently offers. ECF # 21 at 9. That is, the Amended Complaint does not allege that the captive insurance companies that Ryan establishes and manages "fall within [the Rule's] scope." *Id.* The fact that Ryan's clients may – someday – participate in a transaction covered by the Final Rule is simply too tenuous a link to support standing. See *Texas v. United States*, 126 F.4th 392, 412 (5th Cir. 2025) ("Plaintiffs attempting to show causation generally cannot 'rely on speculation about the unfettered choices made by independent actors not before the courts'")

Recognizing the absence of those critical allegations in its pleadings, Ryan submits a declaration that perfunctorily states it is a material advisor directly regulated by the Final Rule that will purportedly suffer harm in the form of increased costs and potential civil and criminal penalties. *See* Declaration of Kenneth Kotch, ECF #21-1. The declaration cannot cure the defect in its pleadings, and its Response to the motion to dismiss cannot serve as a basis to further amend its complaint. *See Khoury v. Thota,* 2021 WL 3919248, at * 4 (5th Cir. 2021); *Colony Ins. Co. v. Kwasnik, Kanowitz & Assocs., P.C.*, 288 F.R.D. 340, 344 (D.N.J. 2012) ("Insufficiencies in Kwasnik's claims as pled cannot be cured by a brief or other documents submitted in opposition to Colony's motion.")

**2.    The Declaratory Judgment Act prohibits a court's jurisdiction under the APA.**

Even though Ryan frames this suit as one under the APA, it is properly viewed as an action for a declaratory judgment with respect to taxes expressly barred by the DJA. To avoid the effect of the DJA, Ryan attempts to distinguish its request for vacatur of the Final Rule under the APA from a request for a declaration that the Final Rule is invalid. ECF#21 at 22. Ryan's attempt to

3

elevate the form of its Amended Complaint over its substance fails.

The APA generally waives the government's sovereign immunity from suits "seeking relief other than money damages and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority." *Match-E-Be-Nash-She-Wish Band of Pottawatomi Indians v. Patchak*, 567 U.S. 209, 215 (2012) (quoting 5 U.S.C. § 702). However, that general waiver "does not apply 'if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought by the plaintiff.'" *Id.* (same). Thus, the waiver of sovereign immunity found in the APA cannot override the jurisdictional hurdles in the "Anti-Injunction Act and the Declaratory Judgment Act [which] prohibit injunctive and declaratory relief for claims involving taxes."[2] *McCarty v. United States,* 929 F.2d 1085, 1088 (5th Cir. 1991); *Fostvedt v. United States*, 978 F.2d 1201, 1203-04 (10th Cir. 1992). The legislative history of the 1976 amendment to APA confirms that the revision has no effect on the limitations and prohibitions those statutes impose. *Fostvedt,* 978 F.2d at 1204 (citing to H.R.Rep. No. 1656, 94th Cong., 2d Sess. 12, reprinted in 1976 U.S.C.C.A.N. 6121, 6132–33).

As relevant here, the DJA explicitly deprives a court of jurisdiction that might otherwise exist in cases "with respect to Federal taxes." *Warren v. United States*, 874 F.2d 280, 282 (5th Cir. 1989); *Rivero,* 1 F.4th at 345. 340, 345 (5th Cir. 2021) *cert. denied* 142 S.Ct. 1670 (Mem) (2022). Thus, contrary to Ryan's assertions, the APA does not override the limitations of the DJA with respect to federal taxes, it confirms those limits.  Consequently, the DJA precludes the relief Ryan seeks here. *See McCarty,* 929 F.2d at 1088, *Fostvedt* 978 F.2d at 1203-04.

---

[2] We do not contend that the AIA applies here. As discussed below, however, the Fifth Circuit holds that the AIA and DJA are not coterminus and apply independently to cabin a federal court's jurisdiction. *Rivero*, 1. F.4th at 345-346.

Ryan's characterization of the remedy it seeks as "vacatur" under the APA is an exercise in semantics that cannot save its Amended Complaint. Indeed, numerous courts have found suits that seek prospective relief of this type to fall within the ambit of the DJA. *McCarthy v. Marshall*, 723 F.2d 1034, 1037 (1st Cir. 1983) (a controversy is "with respect to" federal taxes if it calls into "question a specific provision of the Internal Revenue Code, or to a ruling or regulation issued under the Code."); *Rivero*, 1 F.4th at 346 (declaring that a party does not have to follow or was subject to a Treasury Regulation necessarily involves a determination with respect to federal taxes); *Willis v. Alexander*, 575 F.2d 495, 496 (5th Cir. 1978) (observing in the context of a challenge to the constitutionality of certain federal income tax laws, that "[t]he very language of the Declaratory Judgment Act precludes a federal court from giving relief in actions involving federal taxes"); *Stephenson v. Brady*, 927 F.2d 596, 1991 WL 22835, at *4 (4th Cir. 1991) (table decision, text in Westlaw) (the determination that certain IRS regulations were ultra vires was one with respect to federal taxes); *Jenkins v. McCanless*, No. CA-3-77-0316-D, 1977 WL 1184 (N.D. Tex. May 27, 1977) (citing DJA and holding the court had no "jurisdiction to consider a declaratory judgment action involving federal taxes" in a case where the plaintiff sought a declaration that "all of the Rules and Regulations promulgated by the Secretary of the Treasury" are unconstitutional);[3] *Fabricant v. Commissioner*, No. CV 21-2902, 2023 WL

---

[3] *But see*, *Landers v. United States*, 2020 WL 6393003, at *6 (N.D.Tex. 2020) (the court determined that the "DJA does allow courts to issue declarations regarding procedural issues so long as the declaration does not run afoul of the AIA by interfering with the assessment and collection of taxes."). However, the court in *Landers* noted that the Fifth Circuit had not directly answered the question of whether the AIA and DJA are coterminous. *Id*. In 2021, the Fifth Circuit (in *Rivero*, 1 F.4th at 346) answered that question in the negative and abrogated the unpublished holding in *Landers*.

2906190, at *3 (C.D. Cal. Mar. 6, 2023) (observing that an action "which seeks a declaratory judgment that a portion of the Internal Revenue Code is unenforceable, is undeniably 'with respect to Federal taxes.'"); *Ray v. El Paso Cmty. Found.*, No. EP–09–CV–00249–KC, 2009 WL 2413488, at *2 (W.D. Tex. Aug. 4, 2009) (challenging provision of internal revenue code); *Burke v. Blumenthal*, 504 F. Supp. 35, 37 (N.D. Tex. 1980) (revenue ruling). Consistent with these authorities, an action challenging or seeking to set aside a Treasury Regulation like Ryan's challenge here – whether expressly or under some other guise – is one "with respect to Federal taxes."

3. ***CIC Services* is not controlling because the DJA precludes jurisdiction not the AIA.**

Ryan contends that the Supreme Court, in *CIC Services, LLC v. Internal Revenue Service*, 593 U.S. 209 (2021) rejected the "materially identical argument" that the United States is making in this case. ECF #21 at 20-21. The fallacy of this contention is that *CIC Services* addresses only the jurisdictional bar in the AIA, which the United States does not raise here because we do not view Ryan's suit as one to restrain the "the assessment or collection of any tax." *CIC Services*, 593 U.S. at 225-226. Instead, we view it as one seeking a declaratory judgment with respect to federal taxes barred by the DJA. This is an entirely different argument and basis for dismissal wholly absent from the *CIC Services* decision.

The Supreme Court in *CIC Services* held that the AIA did not prohibit a material advisor's suit to enjoin an IRS notice because the notice was a reporting requirement far removed from "the assessment or collection of any tax." *CIC Services*, 593 U.S. at 225-226. The *CIC Services* Court did not refer to the DJA at all, much less address whether the DJA prevented such a suit. Nor did it have any occasion to compare the two statutes. "When addressing issues of statutory interpretation, [the] first step is determining whether the statutory text is plain and unambiguous."

6

*Seago v. O'Malley*, 91 F.4th 386, 390 (5th Cir. 2024) (internal quotation marks omitted). *See also Lamie v. U.S. Trustee,* 540 U.S. 526, 534 (2004) ("It is well established that when the statute's language is plain, the sole function of the courts—at least where the disposition required by the text is not absurd—is to enforce it according to its terms."). Not only does the plain language of the DJA bar relief of the type Ryan seeks, but its ordinary meaning also differs from that of the AIA, which was the statute at issue in *CIC Services*.

The DJA provides that*:*

> "In a case of actual controversy within its jurisdiction, *except with respect to Federal taxes* other than actions brought under section 7428 of the Internal Revenue Code . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration."

28 U.S.C. § 2201(a) (emphasis added). By contrast, the AIA provides:

> "no suit for the purpose of *restraining the assessment or collection of any tax* shall be maintained in any court by any person ...."

26 U.S.C. § 7421(a) (emphasis added).[4] The federal tax exception to the DJA was added in § 405(a) of the Revenue Act of 1935, Pub. L. No. 74-407, 49 Stat. 1014, 1027 (1935). At that time, the Internal Revenue Code already contained the Anti-Injunction Act. *See* 26 U.S.C. § 1543 (1934). Congress could have chosen parallel language for the DJA, but it did not. Instead of prohibiting declaratory judgments about the amount of tax or liability for a tax, for instance, Congress chose a broad term: "with respect to."

As the Supreme Court has observed, "[u]se of the word 'respecting' in a legal context generally has a broadening effect, ensuring that the scope of a provision covers not only its subject

---

[4] There are statutory exceptions to both the AIA and DJA. None of those exceptions applies here.

but also matters relating to that subject." *Lamar, Archer & Cofrin, Llp v. Appling*, 584 U.S. 709, 717 (2018). *See also id.* at 718 ("[W]hen asked to interpret statutory language including the phrase 'relating to,' which is one of the meanings of 'respecting,' this Court has typically read the relevant text expansively."). Certainly, a court interpreting "with respect to" must be sensitive to the surrounding context. *See United States v. Miller*, 604 U.S. ---, 145 S.Ct. 839, 853 (Mar. 26, 2025). In the case of the DJA, the context is a broad grant of authority to issue declaratory judgments— from which Congress expressly removed the power to issue judgments concerning federal taxes. That argues for a broad interpretation of the phrase "with respect to" in the DJA. The plain language of the DJA thus applies to prohibit cases that are with reference or in relation to federal taxes, not only those particular to the assessment and collection of tax.

After *CIC Services*, the Fifth Circuit illustrated the broader scope of the DJA in its decision in *Rivero*. That "action d[id] not involve 'the assessment or collection of any tax.' such that the AIA d[id] not frustrate jurisdiction." *Rivero*, 1 F. 4th at 345. Nevertheless, the Fifth Circuit examined the text and structure of the tax exception to the DJA and concluded that it divested the district court of subject matter jurisdiction. This case falls squarely within that holding, and Ryan's reliance on *CIC Services* to avoid the *Rivero* holding is misplaced because – as discussed above -- *CIC Services* doesn't address the DJA. The fact that the Supreme Court denied certiorari in *Rivero, see Rivero v. Fidelity Invs. Inc.,* 142 S.Ct. 1670 (Mem) (April 18, 2022)*,* belies Ryan's contention that *CIC Services* (rather than *Rivero*) is dispositive here.

We recognize that other Circuits have held that the AIA and DJA are coterminous. *See, e.g.*, *Cohen v. United States*., 650 F.3d 717, 727 (D.C. Cir. 2011) (citing cases). The Supreme Court did not go that far in *CIC Services*, however, and the Fifth Circuit, until *Rivero*, has avoided the question. *See Matter of Westmoreland Coal Company,* 968 F.3d 526, 533 n.7 (5th

Cir. 2020) (acknowledging the text of the AIA and DJA differ but "assum[ing] *without deciding* that the two statutes are coterminous.") (emphasis added). By examining the distinct relief sought by the plaintiff as one for declaratory judgment (as opposed to an injunction), *Rivero*'s holding necessarily rests on a conclusion that the two statutes are not coterminous, but separate jurisdictional bars courts must independently evaluate.

As the Fifth Circuit in *Rivero* found, the DJA reaches farther and prohibits cases not barred by the AIA. That logic applies here to deprive the Court of jurisdiction to hear Ryan's case.

**4.    The relief sought by the *Rivero* plaintiff is analogous to the relief Ryan seeks**

The *Rivero* case is applicable on the facts and law to the current case and supports dismissal. Ryan asserts that the declaratory judgment sought on the regulation at issue in the *Rivero* was "one addressing the value of assets with direct implications for tax liability" to distinguish it as "different in kind than what Ryan seeks." ECF #21 at 21. But it cannot distinguish *Rivero*'s reasoning.

In *Rivero,* the plaintiff, a Texas resident had opened a joint brokerage account with a right of survivorship with a citizen and resident of Mexico. *Id.* at 342. When the joint owner died, the plaintiff sued for a declaration that an IRS transfer certificate was not necessary to transfer ownership of the account. *Id.* at 343. She asserted that no certificate was necessary, and the Treasury Regulation did not apply, because the brokerage account automatically passed to her by operation of state law, such that a transfer of assets was not implicated. *Id.* She also asserted that no IRS transfer certificate was needed because the decedent's gross estate did not exceed $60,000. *Id.* The brokerage company conceded that under state law, the plaintiff was now the sole owner of the brokerage account, but asserted that regardless of this fact, the governing treasury regulations required a transfer certificate. *Id.* at 345; *see also* 26 C.F.R. §§ 20.2040-1, 20.6325-1. The

Case 3:25-cv-00078-B     Document 24     Filed 06/02/25     Page 10 of 11     PageID 345

regulations at issue were not directly about a tax liability—they were about transferring ownership of an account. Likewise, the reporting requirement in the Final Rule may not directly implicate the "assessment or collection of tax." But the failure to comply with its reporting requirement may result in a penalty that is treated as a tax, and a suit to invalidate that requirement is, therefore, a suit "with respect to Federal taxes." For this reason, the DJA bars the relief Ryan seeks even if the AIA does not.

*/s/ Herbert W. Linder*
HERBERT W. LINDER
Ohio Bar No. 0065446
Trial Attorney, Tax Division
Department of Justice
1700 Pacific Ave., Suite 3700
Dallas, Texas 75201
(214) 880-9754 (
(214) 880-9741 (facsimile)
Herbert.W.Linder@usdoj.gov

*Counsel for Defendant*
*United States of America*

## CERTIFICATE OF SERVICE

  I certify that on June 2, 2025, I filed the foregoing document by electronic means on all parties who have entered an appearance through the Court's ECF system, including the following:

>Scott A. Kellar
>Matthew H. Frederick
>Steven P. Lehotsky
>Drew F. Waldbeser
>LEHOTSKY KELLER COHN LLP
>408 West 11th Street, 5th Floor
>Austin, TX 78701


>*/s/ Herbert W. Linder*
>HERBERT W. LINDER

11