IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **RYAN, LLC**, <br><br> *Plaintiff*, <br><br> v. <br><br> **INTERNAL REVENUE SERVICE; the Hon. BILLY LONG, Commissioner of the Internal Revenue Service, in his official capacity,** <br><br> *Defendants*. | Civil Action No. 3:25-cv-00078-B |

**MOTION TO COMPEL FILING OF ADMINISTRATIVE RECORD**

Plaintiff Ryan, LLC moves to compel the Defendant IRS to file the administrative record in this Administrative Procedure Act case challenging a final IRS rule. The IRS has already produced the administrative record in another case regarding this same Final Rule. *See* Notice of Production of Certified Administrative Record, *CIC Servs., LLC*, No. 3:25-cv-146, ECF 20 (E.D. Tenn. June 30, 2025). The IRS should file that same administrative record here. But although Plaintiff Ryan, LLC has repeatedly asked the IRS to commit to filing the administrative record, the IRS has repeatedly refused.

The IRS's pending motion to dismiss does not relieve its duty to file the administrative record. The motion to dismiss argues that Ryan's complaint fails to state a claim. But the APA analysis turns on the adequacy of the agency's justifications for its action, not the plausibility of the plaintiff's allegations. *See Atieh v. Riordan*, 727 F.3d 73, 76 (1st Cir. 2013) (the Rule 12(b)(6) "plausibility standard has no place in APA review"). *Summary judgment*, not a motion to dismiss, thus provides the "mechanism for review of agency decisions." *Girling Health Care, Inc. v.*

*Shalala*, 85 F.3d 211, 214 (5th Cir. 1996) (per curiam). The Court can evaluate the IRS's administrative record at the summary-judgment stage. But since the motion-to-dismiss stage is unsuitable for those arguments, the IRS has no basis to withhold the administrative record—especially when it has already filed it in another case about this same Final Rule. *See Occidental Petroleum Corp. v. SEC*, 873 F.2d 325, 338 (D.C. Cir. 1989) ("[I]n order to allow for meaningful judicial review, the agency must produce an administrative record that delineates the path by which it reached its decision."); *Swedish Am. Hosp. v. Sebelius*, 691 F. Supp. 2d 80, 89 (D.D.C. 2010) ("The court is unable to assess the merits of these [motion-to-dismiss] arguments without considering the administrative record.").

It is telling that the IRS filed the administrative record in the *CIC* case and did not file a motion to dismiss there. The IRS did not raise any jurisdictional objections in *CIC*, and that case, like this one, was also filed by a plaintiff that manages micro-captive insurance companies challenging this same IRS Final Rule under the APA. *See* Complaint, *CIC Serv., LLC v. IRS*, No. 3:25-cv-146 (E.D. Tenn. April 9, 2025). In contrast, here the IRS's motion to dismiss disputes this Court's jurisdiction, but those arguments should be rejected out of hand—just as the IRS never raised them in the *CIC* case. Response to Motion to Dismiss, ECF 21 at 7-15. Ryan has standing to challenge the Final Rule because it is directly regulated by it. *Contra* Motion to Dismiss, ECF 19 at 10-13. And the Supreme Court has already held that federal courts have jurisdiction to "declar[e]" that an "IRS Rule" is "unlawful" and "enjoin [its] enforcement" in APA challenges to IRS reporting obligations. *CIC Servs., LLC v. Internal Revenue Serv.*, 593 U.S. 209, 215 (2021) (citations omitted); *contra* Motion to Dismiss, ECF 19 at 14-18.

Because the IRS's motion to dismiss is meritless, and because this Court cannot evaluate the legality of the Final Rule without the administrative record, Ryan respectfully moves for an

order compelling the IRS to file the administrative record for this Final Rule—as it has already done in the parallel *CIC* case.

## BACKGROUND

On January 14, 2025, the IRS published *Micro-Captive Listed Transactions and Micro-Captive Transactions of Interest*, 90 Fed. Reg. 3,534 (Jan. 14, 2025) ("the Final Rule"). The Final Rule designates transactions involving micro-captives as "reportable transactions," meaning "micro-captive insurance companies" and their "material advisors" must make onerous disclosures to the IRS. Ryan forms and manages captive insurance companies on behalf of its clients, meaning it is a material advisor subject to the Final Rule. First Am. Compl. ¶ 9. Because the Final Rule requires Ryan and its clients to make unlawful and unnecessary disclosures, Ryan filed this suit.

On March 17, 2025, counsel for Ryan asked the IRS whether it would agree to a schedule under which Ryan would waive the IRS's obligation to answer the complaint, the IRS would file the administrative record, and then the parties cross-moved for summary judgment. Ex. A, March 25, 2025, Email Chain at 4. This procedure is routine in APA cases, and the IRS has agreed to it in other cases, including a parallel challenge to the Final Rule. The IRS responded that "the United States will not agree to such a briefing schedule." *Id.* at 3-4. On March 25, 2025, counsel for Ryan told the IRS it would not oppose an extension of the IRS's deadline to answer the complaint if the IRS agreed to file the administrative complaint by April 28, 2025. *Id.* at1. The IRS replied that it was "not sure" when it would "be filing an administrative record." *Id.*

On April 28, 2025, the IRS moved to dismiss Ryan's complaint. The IRS argued that Ryan lacks standing to challenge the Final Rule, that Ryan cannot receive declaratory relief, and that Ryan's complaint failed to state a claim. Motion to Dismiss, ECF 18. In response, Ryan explained that it has standing because it is directly regulated by the Final Rule and that Ryan is entitled to

3

vacatur and declaratory relief under the Administrative Procedure Act. Response to Motion to Dismiss, ECF 21 at 7-15. As to the IRS's argument that Ryan has not stated a claim that the Final Rule is arbitrary and capricious, Ryan explained that this argument was "premature" because the IRS had not yet filed the administrative record. *Id.* at 18.

Another company that manages micro-captive insurance companies, CIC Services, LLC, has also challenged the Final Rule. *See* Complaint, *CIC Serv., LLC v. IRS*, No. 3:25-cv-146 (E.D. Tenn. April 9, 2025). CIC Services, LLC has standing to challenge the Final Rule because, like Ryan, it manages micro-captives. And CIC Services LLC seeks the same relief under the APA against the Final Rule. But the IRS did not move to dismiss in *CIC Services, LLC*. Instead, three weeks after the complaint was filed, the IRS stipulated that "an answer to Plaintiffs' complaint is not required" and that the IRS would "produce the administrative record to CIC and file a certified list of its contents with the Court no later than June 30, 2025." Report of Parties' Planning Meeting, *CIC Servs., LLC*, No. 3:25-cv-146, ECF 19 (E.D. Tenn. May 16, 2025). The IRS produced the administrative record on June 30, 2025, as agreed. Notice of Production of Certified Administrative Record, *CIC Servs., LLC*, No. 3:25-cv-146, ECF 20 (E.D. Tenn. June 30, 2025). The IRS thus filed the administrative record less than three months after the *CIC* complaint was filed.

On July 14, 2025, six months after this case was filed, counsel for Ryan asked whether the IRS would agree to the same schedule it adopted in *CIC Services, LLC*. Ex. B, July 14, 2025, Email Chain at 2. Ryan asked whether the IRS would withdraw its motion to dismiss, agree to file the administrative record by July 31, 2025, and then agree to a briefing schedule for cross-motions for summary judgment. *Id.* The IRS refused to withdraw its motion to dismiss, file the administrative record, or even discuss a schedule for summary judgment briefing until this Court orders the parties to meet. *Id.* at 1.

## ARGUMENT

The IRS has a duty to file the administrative record, and this Court cannot adjudicate the legality of the agency's action until it does so. *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). The Court should order the IRS to file the administrative record.

The IRS has never offered a satisfactory reason for refusing to file the administrative record, and there is no justification for withholding it. *First*, the IRS has *already* produced the administrative record in *CIC Services, LLC*. *See* Notice of Production of Certified Administrative Record, *CIC Servs., LLC*, No. 3:25-cv-146, ECF 20 (E.D. Tenn. June 30, 2025). It cannot plausibly argue that producing the same administrative record in this case would be a burden.

*Second*, this case has already proceeded past the stage when agencies typically file the administrative record. The Fifth Circuit requires the agency to file the administrative record within 40 days of the filing of a challenge to agency action over which it has original jurisdiction. *See* United States Court of Appeals for the Fifth Circuit, Fifth Circuit Rule 17, https://perma.cc/J353-T6K3. This case has been pending for over six months. In the United States District Court for the District of Columbia, the agency must file the administrative record "within 30 days following service of the answer to the complaint or simultaneously with the filing of a dispositive motion, whichever occurs first." United States District Court for the District of Columbia, Local Rule 7(n), https://perma.cc/7M6T-HJSF. This case was filed almost seven months ago, and the IRS filed a dispositive motion three months ago, but it has still not filed the administrative record.

The IRS has never explained its departure from these normal procedures here, much less its decision to file the administrative record in *CIC Services, LLC* but not here. On March 17, 2025, counsel for Ryan asked the IRS whether it would agree to a schedule—like the one the IRS agreed to in *CIC Services, LLC*—under which the Ryan would waive the IRS's obligation to answer the

5

complaint, the IRS would file the administrative record, and then the parties would file cross-motions for summary judgment. Ex. A, March 25, 2025, Email Chain at 4. The IRS responded that "the United States will not agree to such a briefing schedule." *Id.* at 3. On March 25, 2025, counsel for Ryan told the IRS it would not oppose an extension of the IRS's deadline to answer the complaint if the IRS agreed to file the administrative complaint by April 28, 2025. *Id.* at 1. The IRS replied that it was "not sure" when it would "be filing an administrative record." *Id.* After the IRS filed the administrative record in *CIC Services, LLC*, Ryan asked the IRS again whether it would do the same here. Ex. B, July 14, 2025, Email Chain at 2. The IRS refused without meaningful explanation. *Id.* at 1. The IRS has thus refused to voluntarily comply with its duty to file the administrative record.

*Third*, the IRS has already raised arguments that this Court cannot resolve without the administrative record. In its motion to dismiss, the IRS insists that the Final Rule reflects a "reasoned process that considered the comments, case law on micro-captives, and other factors" and "adequately explained" the IRS's conclusions. Motion to Dismiss, ECF 18 at 21-22. These arguments are fundamentally premature. Deciding whether the IRS "made a reasoned and objective decision regarding the Final Rule," *id.* at 24, requires review of the administrative record. *See Camp v. Pitts*, 411 U.S. 138, 142 (1973); *Swedish Am. Hosp. v. Sebelius*, 691 F. Supp. 2d 80, 88 (D.D.C. 2010) (denying a motion to dismiss because the plaintiff was challenging "whether the Secretary's adjudicatory process was reasonable and whether the decision was consistent with Congressional intent," and "[t]he court [wa]s unable to assess the merits of these arguments without considering the administrative record"). Until the IRS files the administrative record, "meaningful judicial review" of the Final Rule is therefore impossible. *See* Response to Motion to Dismiss, ECF 21 at 19-21 (quoting *Camp*, 411 U.S. at 142). The IRS does not deny this in its reply brief, though it has

6

not abandoned its failure-to-state-a-claim argument. *See* Reply Supporting Motion to Dismiss, ECF 24 at 2 n.1. These arguments by the IRS just confirm that this Court should order the agency to produce the administrative record.

*Fourth*, the IRS's pending motion to dismiss does not justify its delay in filing the administrative record. Summary judgment, not a motion to dismiss under Rule 12(b)(6), "serves as the mechanism for deciding" whether agency action "is supported by the administrative record and otherwise consistent with the APA standard of review." *Nat'l Ass'n for Gun Rts., Inc. v. Garland*, 741 F. Supp. 3d 568, 597 (N.D. Tex. 2024) (citation omitted); *see also Girling Health Care, Inc.*, 85 F.3d at 214 (summary judgment is the "mechanism for review of agency decisions"); *Atieh*, 727 F.3d at 76 (the Rule 12(b)(6) "plausibility standard has no place in APA review"). This is doubtless why the IRS agreed in *CIC Services, LLC* to proceed directly to summary judgment.

The IRS's motion to dismiss raises jurisdictional objections, but each are meritless. The IRS argues that Ryan lacks standing. But Ryan is directly regulated by the Final Rule, so it plainly has standing. Response to Motion to Dismiss, ECF 21 at 7-10. The IRS did not contest standing in *CIC Services, LLC*, tacitly conceding that micro-captive managers like CIC Services (and Ryan) have standing to challenge the Final Rule. The IRS likewise argues that the Declaratory Judgment Act prohibits this Court from granting relief under the APA. That argument cannot be squared with *CIC Servs., LLC v. IRS*, 593 U.S. 209, 219-20 (2021), which held that federal courts have jurisdiction to declare IRS reporting rules are unlawful and enjoin their operation. *See* Response to Motion to Dismiss, ECF 21 at 11-15. These feeble attempts to avoid judicial review of the Final Rule do not relieve the IRS of the obligation to file the administrative record.

## CONCLUSION

The Court should order the IRS to file the administrative record.[1]

Dated: August 1, 2025                                   Respectfully submitted,

/s/ Scott A. Keller

| | |
|---|---|
| Steven P. Lehotsky (admitted *pro hac vice*) | Scott A. Keller (Texas Bar # 24062822) |
| LEHOTSKY KELLER COHN LLP | LEHOTSKY KELLER COHN LLP |
| 200 Massachusetts Avenue, NW Suite 700 | 408 West 11th Street, 5th Floor |
| Washington, DC 20001 | Austin, TX 78701 |
| steve@lkcfirm.com | scott@lkcfirm.com |
| T: (512) 693-8350 | T: (512) 693-8350 |
| F: (512) 727-4755 | F: (512) 727-4755 |
| | |
| Tyler H. Lipp (Texas Bar # 24070151) | Drew F. Waldbeser (admitted *pro hac vice*) |
| RYAN, LLC | LEHOTSKY KELLER COHN LLP |
| 13155 Noel Road, Suite 100 | 3280 Peachtree Road NE |
| Dallas, TX 75240 | Atlanta, GA 30305 |
| tyler.lipp@ryan.com | drew@lkcfirm.com |
| T: (469) 399-4619 | T: (512) 693-8350 |
| F: (972) 960-0613 | F: (512) 727-4755 |

## CERTIFICATE OF CONFERENCE

I hereby certify that on July 31, 2025, I asked counsel for the IRS whether it opposed this motion. Counsel for the IRS opposes this motion.

/s/ Scott A. Keller
Scott A. Keller

---

[1] At minimum, when this Court denies the IRS's motion to dismiss, it should simultaneously order the IRS to file the administrative record.

## CERTIFICATE OF SERVICE

I hereby certify that on August 1, 2025, the foregoing document was electronically filed with the Clerk of the U.S. District Court for the Northern District of Texas using the electronic case filing system of the Court, which will transmit a notice of electronic filing to all counsel of record.

/s/ *Scott A. Keller*
Scott A. Keller