# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | |
|---|---|
| RYAN, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>INTERNAL REVENUE SERVICE, )<br>DEPARTMENT OF THE TREASURY, )<br>DANIEL WERFEL, )<br>Commissioner of Internal Revenue Service, )<br>in his official capacity )<br>)<br>Defendant. )<br>) | Case No. 3:25-cv-00078-b |

## UNITED STATES' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

The United States of America, files this Answer to Plaintiff's First Amended Complaint. In support thereof the United States of America states as follows:

## Affirmative Defenses

The United States asserts that this Court lacks subject matter jurisdiction. The United States recognizes that the Court has ruled that it has subject matter jurisdiction of this case. *See ECF# 29.* The United States' raises this affirmative defense to preserve this issue.

## Response to Allegations

The United States of America answers the specifically numbered paragraphs Plaintiff's Amended Complaint as follows:

1. Admits that plaintiff Ryan, LLC ("Plaintiff") brought this suit to challenge the Final Rule and denies the remaining allegations in paragraph 1 of Plaintiff's First Amended Complaint.

2. Denies that the allegations in paragraph 2 of the Plaintiff's First Amended Complaint

are a complete and accurate statement of provisions of 26 U.S.C. § 831(b) or the courts' interpretation of this statute, or the Consolidated Appropriations Act, 2016, H.R. 2029, 114th Cong., Div. Q (2015).

3. Denies the allegations contained in paragraph 3 of Plaintiff's First Amended Complaint.

4. Denies the allegations contained in paragraph 4 of Plaintiff's First Amended Complaint.

5. Denies the allegations contained in paragraph 5 of Plaintiff's First Amended Complaint. The United States understands that the Court has ruled that it has subject matter jurisdiction of this case. *See ECF# 29.* The United States' response to this specific allegation is to preserve its position on this issue.

6. Admits that venue is proper in this court and asserts that the United States presently lacks knowledge or information sufficient to form a belief as to the truth denies the remaining allegations contained in paragraph 6 of Plaintiff's First Amended Complaint.

7. Denies the allegations contained in paragraph 7 of Plaintiff's First Amended Complaint. The United States understands that the Court has ruled that it has subject matter jurisdiction of this case. *See ECF# 29.* The United States' response to this specific allegation is to preserve its position on this issue.

8. Denies the allegations contained in paragraph 8 of Plaintiff's First Amended Complaint. The United States understands that the Court has ruled that it has subject matter jurisdiction of this case. *See ECF# 29.* The United States' response to this specific allegation is to preserve its position this issue.

9. Presently lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 9 of Plaintiff's First Amended Complaint.

10. Denies the allegations contained in paragraph 10 of Plaintiff's First Amended Complaint and alleges that the United States is the proper defendant in this case.

11. Denies the allegations contained in paragraph 11 of Plaintiff's First Amended Complaint and alleges that the United States is the proper defendant in this case.

12. Admits the allegations contained in paragraph 12 of Plaintiff's First Amended Complaint.

13. Admits the allegations contained in paragraph 13 of Plaintiff's First Amended Complaint and alleges that United States does not agree with the comments.

14. Admits there were more than 100 comments submitted, but denies the remaining allegations contained in paragraph 14 of Plaintiff's First Amended Complaint.

15. Admits the allegations contained in paragraph 15 of Plaintiff's First Amended Complaint.

16. Denies that the allegations in paragraph 16 of the Plaintiff's First Amended Complaint are a complete and accurate statement of final rule or the provisions of Treasury Regulation § 1.6011-4(b)(2) and (b)(6).

17. Denies that the allegations in paragraph 17 of the Plaintiff's First Amended Complaint are complete and accurate statements of the Rule or the provisions of Treasury Regulations § 1.6011-4(b)(2) and (b)(6), 26 C.F.R. § 1.6011-10(c)(1)-(2).

18. Denies that the allegations in paragraph 18 of the Plaintiff's First Amended Complaint are complete and accurate statements of the provisions of Treasury Regulations § 1.6011-4(b)(2) and (b)(6), 26 § 6707A(c)(2).

19. Denies that the allegations in paragraph 19 of the Plaintiff's First Amended Complaint are complete and accurate statements of the Rule or the provisions of 26 C.F.R. § 1.6011-11(c)(2), or 26 C.F.R. § 1.6011-11(c)(1).

20. Denies that the allegations in paragraph 20 of the Plaintiff's First Amended Complaint are complete and accurate statements of 26 C.F.R. § 1.6011-4(b)(6).

21. Denies that the allegations in paragraph 21 of the Plaintiff's First Amended Complaint are complete and accurate statements of the Treasury Regulations or 26 C.F.R. § 1.6011-4(a), (b)(1), (b)(2) and (b)(6).

22. Denies that the allegations in paragraph 22 of the Plaintiff's First Amended Complaint are complete and accurate statements of the provisions of 26 U.S.C. §§ 6707, 6707(A) and 6708 or the courts' interpretation of these statutes.

23. Denies that the allegations in paragraph 23 of the Plaintiff's First Amended Complaint are complete and accurate statements of the Rule.

24. Denies that the allegations in paragraph 24 of the Plaintiff's First Amended Complaint are complete and accurate statements of the Rule.

25. Denies the allegations in paragraph 25 of the Plaintiff's First Amended Complaint.

26. Denies that the allegations in paragraph 26 of the Plaintiff's First Amended Complaint are complete and accurate statements of the Rule or 26 U.S.C. § 831(b) or 26 C.F.R. § 1.6011-10(c)(1)-(2) or the courts' interpretation of the same.

27. Denies the allegations in paragraph 27 of the Plaintiff's First Amended Complaint.

28. Denies the allegations in paragraph 28 of the Plaintiff's First Amended Complaint.

29. Denies the allegations in paragraph 29 of the Plaintiff's First Amended Complaint.

30. Presently lacks knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 30 of Plaintiff's First Amended Complaint.

31.     Presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of Plaintiff's First Amended Complaint.

32.     Presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of Plaintiff's First Amended Complaint.

33.     Denies the allegations in paragraph 33 of the Plaintiff's First Amended Complaint.

34.     Denies the allegations in paragraph 34 of the Plaintiff's First Amended Complaint.

35.     Denies the allegations in paragraph 35 of the Plaintiff's First Amended Complaint.

36.     Presently lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36 of Plaintiff's First Amended Complaint.

37.     Denies the allegations in paragraph 37 of the Plaintiff's First Amended Complaint.

38.     Denies the allegations in paragraph 38 of the Plaintiff's First Amended Complaint.

39.     Admits that in paragraph 39 Plaintiff incorporates by reference all the allegations in all of the preceding paragraphs but responds to those incorporated allegations as set forth above in paragraphs 1-38.

40.     Denies that the allegations in paragraph 40 of the Plaintiff's First Amended Complaint are complete and accurate statement of 5 U.S.C. § 706(2)(C) or the courts' interpretation of this statute.

41.     Denies the allegations in paragraph 41 of the Plaintiff's First Amended Complaint.

42.     Admits that in paragraph 42 Plaintiff incorporates by reference all the allegations in all of the preceding paragraphs but responds to those incorporated allegations as set forth above in paragraphs 1-41.

43.     Denies that the allegations in paragraph 43 of the Plaintiff's First Amended Complaint

are complete and accurate statement of 5 U.S.C. § 706(2)(A) or the courts' interpretation of this statute.

44.     Denies the allegations in paragraph 44 of the Plaintiff's First Amended Complaint.

45.     Denies the allegations in paragraph 45 of the Plaintiff's First Amended Complaint.

46.     Denies the allegations in paragraph 46 of the Plaintiff's First Amended Complaint.

47.     Admits that in paragraph 47 Plaintiff incorporates by reference all the allegations in all of the preceding paragraphs but responds to those incorporated allegations as set forth above in paragraphs 1-46.

48.     Denies that the allegations in paragraph 48 of the Plaintiff's First Amended Complaint are complete and accurate statement of 5 U.S.C. § 706(2)(A) or the courts' interpretation of this statute.

49.     Denies the allegations in paragraph 49 of the Plaintiff's First Amended Complaint.

50.     Denies the allegations in paragraph 50 of the Plaintiff's First Amended Complaint.

51.     Denies the allegations in paragraph 51 of the Plaintiff's First Amended Complaint.

52.     Denies the allegations in paragraph 52 of the Plaintiff's First Amended Complaint.

53.     Denies the allegations in paragraph 53 of the Plaintiff's First Amended Complaint.

WHEREFORE, defendant, United States of America, requests that relief requested Plaintiff's First Amended Complaint be denied and that the United States be granted such further relief to which it may be entitled.

>*/s/ Herbert W. Linder*
>HERBERT W. LINDER
>Ohio Bar No. 0065446
>Trial Attorney, Tax Division
>Department of Justice
>1700 Pacific Ave., Suite 3700
>Dallas, Texas 75201
>(214) 880-9754 (
>(214) 880-9741 (facsimile)
>Herbert.W.Linder@usdoj.gov
>
>*Counsel for Defendant*
>*United States of America*

### CERTIFICATE OF SERVICE

I certify that on November 18, 2025, I filed the foregoing document by electronic means on all parties who have entered an appearance through the Court's ECF system, including the following:

>Scott A. Kellar
>Steven P. Lehotsky
>Drew F. Waldbeser
>LEHOTSKY KELLER COHN LLP
>408 West 11th Street, 5th Floor
>Austin, TX 78701
>
>*/s/ Herbert W. Linder*
>HERBERT W. LINDER